**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO**

| | |
|---|---|
| Tracy Cohen, | Case No. 1:24-cv-569 |
| Plaintiff, | |
| v. | |
| Kering, Gucci, Gucci America, Inc., and Gucci North American Holdings, | Honorable Martha Pacold |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES**

**I.     INTRODUCTION**

Contrary to the sensational allegations in this case, the reality of Tracy Cohen's employment at Gucci America, Inc. ("Gucci") wholly undermines her asserted claims. Gucci went over and above to support Ms. Cohen, even though Ms. Cohen regularly mistreated individuals in the workplace, as evidenced by repeated complaints from colleagues and clients. Ms. Cohen repeatedly received written disciplinary action for her unprofessional and inappropriate conduct during her employment.

While employed, Gucci encouraged Ms. Cohen to prioritize her health, including by offering her resources, including paid time off, leaves of absence, and wellness benefits, such as free counseling – as it would with any employee. Gucci plainly treated Ms. Cohen without discrimination. Ms. Cohen's monthly sales quotas were calculated on the same basis as every other Client Advisor's, and occasionally in partnership with Ms. Cohen. Gucci connected her with new clients on the same basis as it did every other Client Advisor, and afforded perks to her clients on the same basis as well. Eventually, Gucci could no longer tolerate Ms. Cohen's disrespectful and

threatening treatment towards others and was left with no choice but to progressively take written disciplinary action related to her behavior, culminating in the termination of her employment.

Gucci is committed to promoting equal employment opportunities and building a welcoming community where everyone can participate and belong. Its employees all contribute to making Gucci a positive, open, and fair workplace. Gucci prizes its commitment to nondiscrimination and strictly prohibits the unjust or prejudicial treatment on the basis of age, gender, disability, or any other protected characteristic. To this end, it maintains robust Equal Employment Opportunity, anti-harassment, anti-discrimination, and anti-retaliation policies and practices, emphasizing its commitment to a discrimination- and harassment-free workplace and to ensure no employee is subject to harassment, discrimination, or retaliation of any kind.

Gucci's Client Advisors are an essential part of its success. It invests significant resources to ensure that Client Advisors can thrive not only in their work, but in all aspects of their lives. To this end, Gucci provides its employees an array of resources, including those offered to Ms. Cohen. Client Advisors also enjoy one-on-one support from their in-store supervisors to help manage their workload.

Ms. Cohen's claims that she endured any form of forced labor or human trafficking are not only baseless, but shameful. At all times during her employment, Ms. Cohen was a highly compensated at-will employee, consistently earning a six-figure income that included her base salary, commissions, bonuses, and fringe benefits. At Gucci, when Ms. Cohen complained about the amount she was working, her manager partnered with Ms. Cohen to find ways to lessen her load, in addition to allowing her to work from home or take time off. Indeed, Ms. Cohen admits that she would have continued working at Gucci if given the choice. Ms. Cohen's circumstances of the last eighteen years are the antithesis of those of a human trafficking victim and her claim

otherwise shows a complete disregard for the gravity of the issue and complete disrespect for the *true* victims of forced labor.

**II. ANSWER**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Gucci America, Inc. (misnamed in the Complaint as "Gucci" and "Gucci North American Holdings") and Kering Americas, Inc. (misnamed in the Complaint as "Kering") (collectively, "Defendants") answer as follows:

1. Defendants admit the following allegations in the Complaint:

    a. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

    b. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

    c. Defendant Kering Americas, Inc. ("Kering") is a foreign for-profit corporation, headquartered at 65 Bleecker Street, 2nd Floor, New York, New York 10012, and which owns Defendant Gucci.

    d. Gucci America, Inc. is a foreign for-profit corporation, which sells luxury fashion and goods, and does business in Chicago, with headquarters at 195 Broadway, New York, New York 10007.

    e. Defendant Gucci America, Inc. is an "employer" within the meaning of the applicable statutes.

    f. Defendants have zero-tolerance positions toward human trafficking.

DM_US 204407679-10.117920.0012

g. Ms. Cohen worked for Gucci America, Inc. as a Sales Associate beginning in 2006; she remained employed there until October 2023, working at its retail store on Michigan Avenue in Chicago, Illinois.

h. During the relevant period, Gucci assigned each store a monthly sales goal; store management in turn divided the store goal amongst its sales associates.

i. Throughout Ms. Cohen's employment, sales associates including Ms. Cohen earned commissions on their sales.

j. Ms. Cohen consistently met and often exceeded her monthly sales quotas.

k. Ms. Cohen received regular increases to her base pay throughout her employment.

l. Over the course of Ms. Cohen's employment, she enjoyed perks including the support of an assistant to provide sales support and trips to client events and fashion shows.

m. During Ms. Cohen's employment, Gucci offered leave to Ms. Cohen, which she declined. Ms. Cohen was additionally offered free counseling, which she also declined.

n. In June 2021, Ms. Cohen's sales-related performance earned her membership in the "GG Club" with the status of "Master Client Advisor," a perk given to sales associates who satisfy objective performance metrics.

o. GG Club perks depend on a sales associate's sales-related performance over the previous year.

p. Ms. Cohen complained about not receiving certain perks for her clients.

DM_US 204407679-10.117920.0012

q. Ms. Cohen also often complained that her coworkers were her "competition" and did not appreciate their successes.

r. Ms. Cohen also repeatedly had difficulty engaging with clients in a professional manner on the salesfloor, requiring intervention by other sales associates and store management.

s. Ms. Cohen received verbal coaching and written performance counseling.

t. In September 2022, Ms. Cohen's counsel sent a letter to Marco Bizzarri, complaining about alleged discrimination.

u. Ms. Cohen's conduct with clients and coworkers did not improve, and she received further verbal and written performance counseling.

v. On or about July 6, 2023, Ms. Cohen was suspended because of ongoing insubordination and unprofessional conduct with respect to clients and coworkers.

w. Ms. Cohen participated in a customization event at the Michigan Avenue store for her clients following her suspension.

x. On or about October 4, 2023, Ms. Cohen was separated from employment.

y. The U.S. Equal Employment Opportunity Commission dismissed Ms. Cohen's first Charge of Discrimination against Gucci America, Inc. and issued a Dismissal and Notice of Rights dated July 20, 2023.

z. The Illinois Department of Human Rights issued a notice of opt-out and administrative closure on Ms. Cohen's first Charge of Discrimination on November 15, 2023.

  aa. The U.S. Equal Employment Opportunity Commission dismissed Ms. Cohen's second Charge of Discrimination against Gucci America, Inc. and issued a Dismissal and Notice of Rights dated October 24, 2023.

  bb. At the time Ms. Cohen filed the Complaint on January 22, 2024, the U.S. Equal Employment Opportunity Commission had not yet dismissed the Charge of Discrimination filed by Ms. Cohen against Kering.

2. Defendants lack sufficient knowledge or information to form a belief on the truth or falsity of the allegations in Paragraphs 5, 16, 21, 22, 39, 59, 106, 122, 131, 143, 149, 179, 208, 210, 239 of the Complaint, and thus deny them.

3. Pursuant to the provisions of Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations in the Complaint not previously admitted under paragraph 1 of this Answer or denied under paragraph 2 of this Answer.

### III. **AFFIRMATIVE DEFENSES**

1. There are no entities named "Gucci," "Gucci North American Holdings," or "Kering". Those are misnomers of Gucci America, Inc. and Kering Americas, Inc. and should be dismissed as defendants.

2. Ms. Cohen fails to state a claim on which relief can be granted as to Counts I and II.

3. Kering Americas, Inc. ("Kering") never employed Ms. Cohen so her claims against Kering are subject to dismissal. In addition, her claim under Count XVII is separately barred because Kering is not an employer covered by the Illinois Wage Payment and Collection Act ("IWPCA"), and her claims under Counts VIII, IX, X, and XI are

likewise barred because Kering is not an employer covered by the Illinois Human Rights Act.

4. Ms. Cohen's damages are barred by the applicable limitations period or, alternatively, limited to those events occurring within the limitations periods applicable to each of her asserted claims.

5. Ms. Cohen's claims under the ADA, ADEA, and IHRA are limited to those occurring within 300 days of her respective charges and further limited to issues that fall within the scope of those charges.

6. For claims under the ADA, ADEA, and IHRA, the trigger is the charge that initially raised an issue. Refiled or amended charges cannot be used to restart the clock on what is timely or what is within the scope of the charge or to proceed on a right to sue that had elapsed.

7. Ms. Cohen's hostile environment claims are barred, in whole or in part, either because Defendants exercised reasonable care to avoid and eliminate any hostile environment or because she failed to act with reasonable care to take advantage of Defendants' safeguards or otherwise failed to prevent harm that could have been avoided.

8. Ms. Cohen's claims under the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") are barred because Ms. Cohen was an overtime-exempt employee under Section 7(i) of the FLSA.

9. Ms. Cohen's claims under the FLSA and IMWL are barred to the extent that she failed to properly report and record her hours worked and, as a result, Defendants were without sufficient knowledge of any such hours.

DM_US 204407679-10.117920.0012

10. Defendants engaged in good faith efforts to comply with the FLSA and had reasonable grounds for believing that Ms. Cohen was properly paid for all hours worked so any claim for liquidated damages is barred.

11. Ms. Cohen's claims under the FLSA, even if valid, constitute nonwillful violations of that statute and, thus, are controlled by its two-year statute of limitations.

12. Ms. Cohen's claims under the IWPCA are barred, in whole or in part, because commissions that are not earned under the commission plan at the time of termination are not final compensation within the meaning of IWPCA and, additionally, commissions that cannot be finally calculated within 30 days of termination are likewise excluded from final compensation.

13. Ms. Cohen's claims are barred, in whole or in part, because Ms. Cohen expressly or impliedly consented to the conduct alleged in the Complaint that she now alleges have caused her harm.

14. Ms. Cohen's contract claims are barred, in whole or in part, because she was an at-will employee, whose employment was terminable either by her or by her employer for any reason or no reason at any time.

15. Ms. Cohen's unjust enrichment claim is barred because that claim is pre-empted by the FLSA and the IMWL. Her unjust enrichment claim is separately barred because such claims cannot be utilized to rewrite her at-will employment contract.

16. Ms. Cohen's intentional infliction of emotional distress claim is barred by the exclusivity of her remedies under the Illinois Workers Compensation Act for injuries arising in and out of the course of her employment.

DM_US 204407679-10.117920.0012

17. Ms. Cohen's claims for damages are barred to the extent she has failed to mitigate her damages through other employment. Concomitantly, Ms. Cohen's damages must be offset by all amounts earned in other employment as mitigation.

18. Ms. Cohen's claims for disability discrimination are barred to the extent she failed to participate in good faith in the interactive process to seek and/or to the extent that she declined a reasonable accommodation for her alleged disability.

19. Defendants engaged in good faith efforts to comply with all applicable statutes and did not act with willful, malicious, or reckless indifference to Ms. Cohen's rights under these statutes. So, Ms. Cohen's claims for punitive damages are barred.

Dated: March 29, 2024

By:   /s/ Rachel Cowen
      By Their Attorneys

Rachel Cowen (IL Bar No. 6217360)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street
Chicago, IL 60606-0029
Tele: +1 312 372 2000
Fax: +1 312 984 7700

Jean Edmonds (IL Bar No. 6338928*)
**MCDERMOTT WILL & EMERY LLP**
One Vanderbilt Avenue
New York, NY 10017
Tele: +1 212 547 5571
Fax: +1 212 547 5444
*Licensed to practice in Illinois; not yet licensed in New York*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which will send notification of the filing to all counsel of record.

/s/ *Rachel Cowen*
Rachel Cowen